WINEBRAKE & SANTILLO, LLC
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491
*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL OZIABLO, on behalf of himself and similarly situated employees, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | **(Document Filed Electronically)** |
| THE SCOTTS MIRACLE-GRO COMPANY and TRUGREEN LIMITED PARTNERSHIP, | |
| Defendant. | |

## **COMPLAINT - CLASS/COLLECTIVE ACTION**

Daniel Oziablo ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against The Scotts Miracle-Gro Company ("Scotts") and TruGreen Limited Partnership ("TruGreen") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.* Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his NJWHL claim as a class action under Federal Rule of Civil Procedure 23.

## **JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over Plaintiff's NJWHL claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Clifton, New Jersey.

5. Scotts is a corporation headquartered in Marysville, Ohio and regularly conducting business in this judicial district.

6. TruGreen is a corporation headquartered in Memphis, Tennessee and regularly conducting business in this judicial district

7. Defendants independently and collectively employ individuals who, like Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

8. Defendants are employers covered by both the FLSA and the NJWHL.

## FACTS

9. Prior to approximately April 2016, Scotts operated the "Scotts LawnService" business, which provided residential and commercial lawn, tree, and shrub care services throughout the United States.

10. In approximately April 2016, Scotts' LawnService business was sold to TruGreen, which has operated the business ever since.

11. During the three-year period relevant to this lawsuit, Defendants have employed thousands of individuals who have been classified as overtime-eligible and have performed work associated with Defendants' lawn, tree, and shrub care services. These employees have held various job titles, including, *inter alia*, Lawn Technician and Lawn Specialist. They are referred

to below as "Lawn Service Employees."

12. Plaintiff is employed as a Lawn Service Employee.

13. During the three-year period relevant to this lawsuit, Lawn Service Employees have been paid through a combination of **(i)** salary or hourly wage *__plus__* **(ii)** commissions and/or non-discretionary bonuses.

14. Lawn Service Employees often work over 40 hours per week. For example, during the two-week period ending September 5, 2015, Scotts credited Plaintiff with working 83.8 hours. Likewise, during the one-week period ending March 11, 2017, TruGreen credited Plaintiff with working 41.36 hours.

15. Under the FLSA, employees who work over 40 hours in a week must be paid for their overtime work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.100. In calculating the amount of overtime premium compensation owed, the "regular rate" must include commissions and non-discretionary bonus payments. See 29 U.S.C. § 207(e); 29 C.F.R. §778.117 (commissions); 29 C.F.R. § 778.211 (bonuses).

16. Under the NJWHL, employees who work over 40 hours in a week must be paid for their overtime work at a rate equaling "1 ½ times such employee's regularly hourly wage." N.J.S.A. 34:11-56a4; N.J.A.C. § 12:56-6.1. In calculating the amount of overtime premium compensation owed, the "regular hourly wage" is determined by "dividing the total hours of work during the week into the employee's total earnings for the week," N.J.S.A. 34:11-56a1(e); N.J.A.C. § 12:56-6.5(b), and must include commissions and non-discretionary bonus payments, see id. at § 12:56-6.6.

17. When Plaintiff and other Lawn Service Employees have worked over 40 hours

per week, Defendants have paid them overtime premium compensation. However, in calculating the amount of overtime premium compensation owed, Defendants, as a matter of policy, have not included commissions or non-discretionary bonuses in determining the "regular rate" or the "regular hourly wage." This failure has resulted in Plaintiff and other Lawn Service Employees receiving less overtime premium compensation than is legally required under the FLSA and NJWHL and has been undertaken willfully and with reckless disregard of clearly applicable FLSA and NJWHL provisions.

## **COLLECTIVE AND CLASS ALLEGATIONS**

18. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during anytime within the past three years: (i) was employed by either Defendant in the position of Lawn Technician, Lawn Specialist, or any other position associated with Defendants' lawn, tree, and shrub care services, (ii) was classified as overtime-eligible, and (iii) received commission or bonus payments.

19. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other collective members, having worked pursuant to the standard compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Plaintiff brings his NJWHL claim pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during anytime within the past two years: (i) was employed by either Defendant in the position of Lawn Technician, Lawn Specialist, or any other position associated with Defendants' lawn, tree, and shrub care services, (ii) was classified as overtime-eligible, and (iii) received commission or bonus payments.

21. The above class, upon information and belief, includes over 200 individuals, all of

4

whom are readily ascertainable based on Defendants' standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

22. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

23. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

24. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendants' standard compensation practices, as described herein.

25. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging Violations of the FLSA)**

26. All previous paragraphs are incorporated as though fully set forth herein.

27. Under the FLSA, employees who work over 40 hours in a week must be paid for their overtime work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.100. In calculating the amount of overtime premium compensation owed, the "regular rate" must include commissions and non-discretionary bonus payments. See 29 U.S.C. § 207(e); 29 C.F.R. §778.117 (commissions); id. at § 778.211 (bonuses).

28. Defendants violated the FLSA by failing to include commissions or non-

discretionary bonuses in the "regular rate" when determining the overtime premium pay owed to Plaintiff and other collective members.

29. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the NJWHL)

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Under the NJWHL, employees who work over 40 hours in a week must be paid for their overtime work at a rate equaling "1 ½ times such employee's regularly hourly wage." N.J.S.A. 34:11-56a4; N.J.A.C. § 12:56-6.1. In calculating the amount of overtime premium compensation owed, the "regular hourly wage" is determined by "dividing the total hours of work during the week into the employee's total earnings for the week," N.J.S.A. 34:11-56a1(e); N.J.A.C. § 12:56-6.5(b), and must include commissions and non-discretionary bonus payments, see id. at § 12:56-6.6.

32. Defendants violated the NJWHL by failing to include commissions or non-discretionary bonuses in the "regular rate" when determining the overtime premium pay owed to Plaintiff and other collective members.

33. In violating the NJWHL, Defendants acted willfully and with reckless disregard of clearly applicable NJWHL provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class and collective, seeks the following relief:

A. Unpaid overtime wages;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Date: April 12, 2017
<u>s/ Mark J. Gottesfeld</u>
Peter Winebrake*
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Robert Debes*
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277

**Pro Hac Vice* admission anticipated

*Attorneys for Plaintiff*